Matter of Adams v Annucci (2018 NY Slip Op 08397)





Matter of Adams v Annucci


2018 NY Slip Op 08397


Decided on December 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 6, 2018

526357

[*1]In the Matter of MARQUIS ADAMS, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: October 26, 2018

Before: Garry, P.J., McCarthy, Lynch, Rumsey and Pritzker, JJ.


Marquis Adams, Dannemora, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Marcus J. Mastracco of counsel) for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner commenced this CPLR article 78 proceeding challenging a tier III disciplinary determination finding him guilty of violating certain prison disciplinary rules. The Attorney General has advised this Court that the determination has been administratively reversed, all references thereto have been expunged from petitioner's institutional record and the mandatory $5 surcharge has been refunded to petitioner's inmate account. To the extent that petitioner seeks back pay and to be restored to the status that he enjoyed prior to the disciplinary determination, he is not entitled to such relief, as "inmates have no constitutional or statutory right to their prior housing or programming status" (Matter of Ortega v Lee, 156 AD3d 1084, 1085 [2017] [internal quotation marks and citations omitted]; accord Matter of Hamilton v Bezio, 93 AD3d 1049, 1050 [2012]). Accordingly, and as petitioner has received all the relief to which he is entitled, the petition must be dismissed as moot (see Matter of Boeck v Annucci, 165 AD3d 1334, 1334 [2018]; Matter of Chao v Hollingshead, 141 AD3d 1072, 1072 [2016]). As the record reflects that petitioner paid a reduced filing fee of $15 and he has requested reimbursement thereof, we grant petitioner's request for that amount.
Garry, P.J., McCarthy, Lynch, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the petition is dismissed, as moot, without costs, but with disbursements in the amount of $15.